MOSK, J.
I dissent.
The issue is whether petitioner has the requisite minimum contacts with the State of California to justify California courts exercising jurisdiction over him. {Buckeye Boiler Co. v. Superior Court (1969) 71 Cal.2d 893, 905, fn. 9 [80 Cal.Rptr. 113, 458 P.2d 57].)
In denying petitioner’s motion to quash, the trial court relied upon the following facts to justify retaining the case in California, rather than to compel the litigants to travel across the continent to the eastern seaboard for an adjudication of their rights. {Tiffany Records, Inc. v. M. B. Krupp Distributors, Inc. (1969) 276 Cal.App.2d 610, 615 [81 Cal.Rptr. 320].)
Carlsberg Mobile Home Properties, Ltd.-‘72 is a limited partnership formed in California pursuant to the provisions of the California Corporations Code.
The general partner of the limited partnership is Carlsberg Resources Corporation, a California corporation.
Both the limited partnership and the corporate general partner maintain their business and principal office in the County of Los Angeles, State of California. Neither entity maintains an office in any other state.
Carlsberg, pursuant to an agreement, formed a limited partnership with Sunrise Lakes, Inc., a Georgia corporation as the general partner, to acquire and operate two mobile home parks in Georgia. This entity, known in short as MTA, was'created in California, in accordance with provisions of the California Corporations Code.
The agreement upon which the lawsuit is based was negotiated and executed in California.
The deeds transferring to MTA title to the Georgia mobile home parks were executed in California.
*450 The agreement contemplated that payments thereunder were to be made in California.
The guarantee of petitioner was an essential consideration without which the MTA agreement would not have been executed in California.
Petitioner had knowledge that he was guaranteeing an obligation executed in California and payable in California, for the written guarantee of petitioner was obtained by, and given to, codefendant Peter Thun for delivery to plaintiffs in California.
The guarantee was in fact delivered to plaintiffs in California.
The transaction became effective only upon delivery of the guarantee in California. This is precisely the type of act, originally performed elsewhere but causing a specific effect in California, contemplated by Quattrone v. Superior Court (1975) 44 Cal.App.3d 296, 303 [118 Cal.Rptr. 548],
This litigation results from the claim that the general partner, and consequently its guarantor, has breached the terms of the MTA limited partnership agreement executed in Califomiá.
The foregoing facts—singly perhaps but in combination certainly— constitute substantially more than the minimum contacts required for jurisdiction over the parties by California courts. The trial court so found. A unanimous Court of Appeal approved. I agree with their assessment of the facts.
I would deny the writ.
Tobriner, J., concurred.
The petition of the real party in interest for a rehearing was denied April 7, 1976. Tobriner, J., and Mosk, J., were of the opinion that the petition should be granted.